**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| RONALD BLAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-244-JMS-WGH |
| | ) | |
| SHERIFF BOWBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**E N T R Y**

Plaintiff Ronald Blake has filed this civil action alleging that his constitutional rights were violated while he was incarcerated at the Shelby County Jail between July 3, 2009, through September 15, 2009, and from October 29, 2009, through February 18, 2010. His claims relate to the circumstances surrounding the treatment of his medical needs, his placement in medical solitary confinement, the temperature of the shower water, the lack of hand rails, delayed access to dental care, sexual harassment by defendant Captain Wishmeyer, discrimination, retaliation and denial of medical records. He claims violations of the Americans with Disabilities Act, and his First, Sixth and Eighth Amendment rights.

**I.**

Rule 18(a) of the *Federal Rules of Civil Procedure* provides that A[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.@ AThus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits. . . .@ *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only Aif there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.@ Fed. R. Civ. P. 20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances. That is precisely what Blake has done here.

Blake's complaint does not set forth any claim or claims that properly join all four defendants. In *George,* the Seventh Circuit instructed that such "buckshot complaints" be "rejected." 507 F.3d at 607. Therefore, Blake's complaint is **rejected.**

## II.

Blake shall have **through January 11, 2012,** in which to file an **amended complaint** incorporating only properly related claims. The amended complaint, if filed, shall conform to the following guidelines:

- The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

- The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

Proceedings other than as specified above are **stayed** until further order.

## III.

If an amended complaint is filed as directed above, the court will screen it as required by 28 U.S.C. § 1915A. If no amended complaint is filed as directed above, the action will be dismissed in its entirety without further notice to the plaintiff.

**IT IS SO ORDERED.**

Date: 12/20/2011

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Ronald Blake
DOC #891166
Putnamville Correctional Facility
1946 West U.S. 40
Greencastle, IN 46135-9275